ARLIN PROPERTIES, INC., Appellant,

v.

Katherine McGuire UTZ et al., Appellees.

No. 17180.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1971.

Atkins & Duke, and Bill Atkins, Arlington, for appellant.

Randell C. Riley, and Schattman, Mock & Guthrie, and R. G. Guthrie, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This is an appeal from a summary judgment.

On March 3, 1970, a suit was filed in Cause No. 141–731–70, styled "Arlin Properties, Inc. v. Herman I. Morris, Trustee," to halt a trustee sale of the property in question scheduled for 10:00 A.M., of the same date.

On March 5, 1970, Katherine McGuire Utz instituted suit in Cause No. 141–791–70 in which she alleged a cause of action for trespass to try title. Further the suit sought to enjoin the Snows from selling the property in question because the deed of trust is void and alleged that her deed to Utz and Collum is void and that therefore the deed from the latter to appellant is void and conveyed no title.

On March 13, 1970, Katherine McGuire Utz filed a Supplemental Petition to the above suit in which she changed her allegations. She admitted that she owes the Snows $4,445.75, plus attorney's and trustee's fees. She requested appointment of a receiver to sell the property, that the Snows be paid out of the first proceeds of

the sale, and that the remainder of the funds be held in the registry of the Court pending a final judgment.

On March 13, 1970, Arlin Properties, Inc. filed an amended petition and included a count in trespass to try title against appellees. The suits were consolidated and a hearing held on the applications for temporary injunction. The trustee and the Snows were temporarily enjoined from selling the property.

Thereafter, Katherine McGuire Utz made a motion for summary judgment based on "the pleadings and sworn testimony". In support of her motion, she made an affidavit in which she alleges:

1. The property was her "homestead"; that she was married to Walker and he did not join in her deed to Utz and Collum.

2. She had no "intent to deliver said Deed" to Utz and Collum.

3. She "received no consideration whatsoever" for the deed to Utz and Collum.

4. She "was not present if and when Era Duvall (who took her acknowledgment) notarized the said deed".

The trial court ordered a severance of all claims and causes of action of Arlin Properties, Inc. and granted Katherine McGuire Utz a summary judgment cancelling the deeds and awarding her title to the property. The appeal is from that judgment.

The appellant contends that the trial court erred in ordering a severance and granting the motion for summary judgment because: (1) the joinder of Walker in the deed to Utz and Collum was not required as a matter of law to convey title; (2) the allegation that the property in question was the homestead of Katherine McGuire Utz is a mere conclusion and is not supported by allegations of fact; and (3) there is conclusive evidence in the record that the acknowledgment of Katherine McGuire Utz was before a Notary Public and that Katherine McGuire Utz (a) delivered the deed to Roy Alexander Utz and John T. Collum, (b) received consideration for the execution of the deed, and (c) that she ratified her deed and the sale to Arlin Properties, Inc. and is now estopped from attacking her deed.

The burden in this summary judgment proceeding was on the appellee, the movant, to show that there is no material fact issue to be determined. We are required to consider the evidence most favorable to appellant. All doubts as to the existence of a fact issue must be resolved against appellee. Mere conclusions, surmises and opinions will not support a summary judgment. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954); Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup., 1965).

In addition to the allegations made against the trustee and the note holders, appellant, Arlin Properties, Inc., alleged a cause of action against appellee for trespass to try title.

In Baxter v. Beaupre, 295 S.W.2d 718, 722 (Galveston Civ.App., 1956, no writ hist.) it is stated: "No rule of law is better established than that which holds that registration of a deed is prima facie evidence of delivery by the grantor, as well as acceptance by the grantee."

The chain of title from appellee to appellant is complete and appears of record. Copies of the deed from appellee to Utz and Collum were filed on January 19, 1970, and duly recorded. The original deed from Utz and Collum to appellant was filed on March 3, 1970, and duly recorded.

On March 6, 1970, appellee filed a deed from Utz back to her. It was duly recorded. Appellant has shown a prima facie right to recover the property as against appellees.

Receipts for payment for the property appear in the record.

In opposition to the summary judgment, appellant filed the affidavit of Era Duvall in which she stated that she was a Notary Public and that appellee appeared before her, signed and acknowledged the deed.

Katherine McGuire Utz asserts that the property was "homestead" and that Walker's joinder in the deed to Utz and Collum was required to convey title to them. Appellant contends that the property was never the homestead of Walker and appellee, but even if it were, Walker's joinder was not required because appellee and Walker had permanently separated at the time the deed was executed. Walker may complain about the non-joinder but not the appellee.

Appellee testified that she and Walker had been permanently separated about a year at the time the deed was acknowledged. They were divorced 8 days after appellee's acknowledgment was taken.

Appellee testified that she and Walker lived at 1648 Bell Avenue and at Keller, Texas, while they were married. There is no evidence that Walker ever lived on the property or had any intention of doing so during his marriage to appellee. Appellee testified that the property had been leased for several years and that she had leased it to Collum in December prior to selling it to him and Utz in January, 1970.

In absence of fraud, it is the husband rather than the wife who determines the place of the family homestead. The property never became a family homestead during the marriage of appellee and Walker. Gough v. Gibson, 1 S.W.2d 684, 685 (Texarkana Tex.Civ.App., 1928, no writ hist.); Graham v. Hollandsworth Drilling Co., 169 S.W.2d 1001 (Texarkana Tex.Civ.App., 1943, ref., w. o. m.). Moreover, Walker's joinder was not necessary under these facts. Sec. 5.21, Family Code, V.A.T.S. The court in Harris v. Hamilton, 221 S.W. 273, 275 (Tex.Com.App., 1920), adopted by the Supreme Court of Texas, referred to a number of authorities giving the wife the right to sell her separate property, whether homestead or not, without the joinder of her husband after she has been permanently abandoned by him.

At page 275, it was said: "* * * It has been repeatedly held in this state that a married woman, after being permanently abandoned by her husband, can convey her separate property, whether her homestead or not, without the joinder of her husband. (Citing authorities.) The basis of these decisions is that, while the married relation has not been legally severed, a status is created in the wife, in so far as her property rights are concerned, identical with that of a feme sole, giving her full power over her property the same as if the marital relation did not exist. * * *" Also see Martin v. Bane, 450 S.W.2d 142 (Dallas Tex.Civ.App., 1969, no writ hist.).

There is no indication in the chain of title that appellee was ever married to Walker.

By use of her former name in the deed, which was prepared and signed by the appellee, she held herself out as a feme sole, widow of William J. McGuire—not as Mrs. Walker. She is not in a position to complain that she was married and her real name was Katherine McGuire Walker.

Appellee had telephoned Arlin's agent on two occasions. She did not tell Arlin Properties about her adverse claim.

She was asked, "Did you tell Arlin Properties that they were just being brought into this matter so they could stop the sale of the property?"

She answered, "No, I didn't tell them anything."

The primary issues involved in this appeal are whether or not in January, 1970, the property in question was the homestead of Walker and the appellee, and if so, was it necessary for Walker to join in appellee's deed to Utz and Collum.

In our opinion the trial court erred in granting the summary judgment based upon the assumption that the property was homestead and that appellee could not convey good title without Walker's joinder.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.