**Robert L. TREMAINE and Tremaine Equipment Company, Appellants,**

**v.**

**David W. SHOWALTER and Pan American Capital Corporation, Appellees.**

**No. 1831.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 12, 1981.

Michael G. Morris, Shaw & Thorpe, Corpus Christi, for appellants.

Don M. Kennedy, Ladin & Engel, Houston, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal from an order denying plaintiffs, Robert L. Tremaine, Tremaine Equipment Company, and Carolyn Tremaine, a temporary injunction to enjoin and restrain defendants, David W. Showalter and Pan American Capital Corporation, from selling alleged homestead property.

Plaintiffs, in the trial court, sought a temporary injunction against defendants that would enjoin them from directly or indirectly selling or attempting to sell a 243-acre tract or from posting the same for sale pursuant to a deed of trust. The trial court denied the temporary injunction. We affirm.

Plaintiffs contend on appeal that the trial court erred in not granting the temporary injunction because there was no evidence to refute plaintiffs' claims of homestead and that plaintiffs established their right to a temporary injunction as a matter of law. A review of the pertinent facts is as follows: In 1975, Robert L. Tremaine purchased a 243-acre tract of rural land with a house on it in Live Oak County, Texas. During this same year, he moved onto the property and made it his home with Carolyn (Tremaine). At the time Tremaine bought and moved onto the property, he was legally married to, but separated from, Jane E. Tremaine. However, at this time, and for several years prior, Tremaine had been living with Carolyn (Tremaine). His divorce from Jane E. Tremaine did not become final until January, 1978.

On August 9, 1977, Tremaine and Carolyn conveyed the 243-acre tract by Assumption Warranty Deed to Tremaine's Company. The Company, in turn, executed a Promissory Note to the order of Planters Bank. This note was secured by a deed of trust on the land and in favor of the bank. During February, 1978, this note was assigned to Pan American Capital Corporation (defendant herein) for approximately $44,000.00. The Company defaulted on the note and defendant posted the land for foreclosure with notice to the Company and Tremaine. Plaintiffs then filed this suit for cancellation of the deed of trust and sought to enjoin and restrain the foreclosure sale on the 243 acres.

Plaintiffs' main contention on appeal is that the 243 acres is subject to a homestead exemption which would preclude foreclosure by the defendants. Plaintiffs also urge that the conveyance to the Company of this land constituted a pretended sale for the purpose of mortgaging homestead property and is therefore void.

At a hearing upon a request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preserve the status quo of the subject matter of the suit pending a trial on the merits. *Davis v. Huey*, 571 S.W.2d 859 (Tex.Sup.1978). On appeal, we are limited in our consideration whether the trial court abused its discretion in making the foregoing determination. The merits of the underlying case are not presented for appellate review. The review of an order granting or denying a temporary injunction is strictly limited to a determination of

whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.Sup.1975); *City of Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579 (Tex.Sup.1972). The trial court has broad discretion in determining whether to issue a temporary injunction to preserve the rights of the parties preceding a final trial of the case, and when that discretion is exercised, its order should not be overturned unless the record discloses a clear abuse of discretion. *Texas Foundries v. International Moulders & Foundry Workers Union*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Powers v. Lynn*, 523 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). In reviewing this discretionary act, an appellate court must review the evidence and draw legitimate inferences from the facts in evidence in the light most favorable to the trial court's judgment. *Powers v. Lynn*, supra, and see *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.Sup.1968).

Since plaintiffs have appealed solely on the issue that there was no evidence to refute their claim of homestead and the pretended sale of this homestead, we must review the trial court's action from that viewpoint.

■ The evidence presented during trial clearly showed that Robert Tremaine moved onto the property in question after he purchased the same in 1975. Robert Tremaine was married to Jane Edith Tremaine on August 9, 1977, the time of the conveyance of the subject property to the defendants. The record also shows that Robert Tremaine was living with Carolyn (Tremaine) at the time the property was conveyed to the defendants. Robert Tremaine testified that when he moved onto the property, he intended to make it his home with Carolyn, and in accordance with this intent, he and Carolyn had lived on the property continuously and have designated the same as homestead property for tax purposes.

■ Although the Texas Constitution provides that the homestead of a family or a single adult person shall be and is hereby protected from forced sale, the evidence clearly shows that the property was neither the homestead of a single adult (Robert Tremaine) nor of a family (the admitted wife, Jane Edith Tremaine) at the time of the conveyance. Tex.Const. Article XVI § 50. The claim of a homestead is not maintainable by a man and woman living together in an unmarried state. See: *Senegar v. La Vaughan*, 230 S.W.2d 311 (Tex. Civ.App.—Beaumont 1950, no writ); *Barker v. Lee*, 337 S.W.2d 637 (Tex.Civ.App.—Eastland 1960, no writ).

Accordingly, we hold that the trial court did not abuse its discretion in denying the temporary injunction. The judgment of the trial court is affirmed.