Julia M. McFARLAND, et al.,
Appellants,

v.

Marshall ROUSSEAU, N.B. Orrmins and Dorothy Orrmins, Appellees.

No. 13–83–171–CV.

Court of Appeals of Texas,
Corpus Christi.

March 15, 1984.

William E. Owen, Port Isabel, for appellants.

Wilson J. Seldon, Jr., Brownsville, for appellees.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from an order denying appellant's petition for injunction. Appellant applied to the trial court below for an injunction to prevent the execution sale of his home by the sheriff pursuant to a judgment creditor's writ. At trial and on appeal, appellant contends that the property was exempt from execution because it was his homestead. After hearing evidence, the trial court refused to grant the injunction and ordered the property to be sold.

In his sole point of error, appellant asserts that the trial court abused its discretion in finding that appellant should not be permitted to claim a homestead exemption and in failing to grant the injunction because the evidence conclusively established that the property was appellant's homestead; or, in the alternative, a finding that the property was not appellant's homestead is against the overwhelming weight and preponderance of the evidence. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L. Rev. 361 (1960).

The uncontroverted facts of the case are: The property was purchased in 1948 by appellant's father who subsequently moved a house on to the lot. Appellant's mother and father raised appellant and his four brothers on the premises. Appellant's father operated a salvage business on the

premises until his death in 1958. He died intestate. Except while in the military service and for about three years after his discharge from the military, appellant has lived in the house on the premises and continues to operate the salvage business. Appellant was married in 1960 and raised his two children on the property. Appellant was divorced and remarried in 1969, and, subsequently in 1974, appellant again divorced and then remarried. Appellant's mother has lived on the property from time to time since the death of her husband in 1958, but she is now living with a son who is in the military service in Germany. Finally, the judgment giving rise to the lien upon which the execution was attempted became final on May 20, 1963.

At trial and on appeal, appellees contended that (1) appellant and his mother had abandoned the homestead and (2) appellant's divorces resulted in the destruction of the homestead status since the divorces took place prior to the 1973 amendment to Art. 16 § 50 of the Texas Constitution, which only since 1973 has allowed a single adult male to have a homestead.

 The right to a homestead in a particular tract of land, having once vested by ownership and use, is presumed to continue until there is affirmative proof of abandonment. *M.H. Lauchheimer & Sons v. Saunders,* 97 Tex. 137, 76 S.W. 750 (1903); *Gill v. Quinn,* 613 S.W.2d 324 (Tex. Civ.App.—Eastland 1981, no writ). Abandonment is an affirmative defense. *Gill v. Quinn,* at p. 326. The person relying upon the affirmative defense of abandonment has the burden of establishing it. *Huffington v. Upchurch,* 532 S.W.2d 576 (Tex. 1976). The party relying on abandonment of a homestead has the burden of showing that the homestead claimant moved from the homestead property with the intention of not returning to the property. *M.H. Lauchheimer & Sons v. Saunders* at pp. 751–752; *West v. Austin National Bank,* 427 S.W.2d 906 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.). The evidence relied on establishing abandonment of a homestead must make it "undeniably clear" that there has been "a total abandonment with an intention not to return and claim the exemption" before a homestead, once occupied as such, can be subjected to a forced sale. *West v. Austin National Bank* at p. 912. Neither temporary absence from a homestead nor even temporarily removing to another State alone constitutes abandonment. *Ritz v. First National Bank of Pecos,* 234 S.W. 425 (Tex.Civ.App.—El Paso 1921, no writ).

 After completely reviewing the record, we note that nowhere in the record has appellees affirmatively plead abandonment in response to appellant's petition for injunctive relief. Furthermore, we hold that the evidence is insufficient to prove abandonment by appellant.

 Also, we hold that appellant's divorces did not destroy his homestead exemption. The appellant testified he had raised two sons on the property. The evidence shows that, upon each of his divorces, appellant remained the head of his family having the responsibility of raising his two sons. In *Woods v. Alvarado State Bank,* 118 Tex. 586, 19 S.W.2d 35 (1929), the Texas Supreme Court stated:

"The question here presented, however, is whether or not the dissolution of the family by the marriage and removal of his daughter, and the departure of his son, who had become of age, destroyed the homestead rights of the plaintiff in error, although at all times he has lived upon, occupied, and made use of the lands involved as a home, in the same manner that he had done while the children were constituent members of his family." *Woods* at 19 S.W.2d p. 35.

In the answering the above question, the Texas Supreme Court held:

We have found great conflict in the decisions, but on the whole have concluded that the line of authorities which holds that the dissolution of the family does not destroy the homestead rights of the surviving head, so long as he or she remains on the homestead and uses it as such, is more consistent with and applicable to the homestead sections of the Constitution and our statutory provisions

than those authorities which hold to the contrary. *Woods*, 19 S.W.2d at p. 35.

Since appellant continued to be the head of his family, as such, he was entitled to all homestead privileges and rights granted by the Texas Constitution and the laws of this State. *Burk Royalty Co. v. Riley*, 475 S.W.2d 566 (Tex.1972); *Woods*, 19 S.W.2d at p. 35. We hold that the evidence established appellant's entitlement to the homestead exemption as a matter of law; therefore, the trial court abused its discretion in finding that appellant was not permitted to claim the homestead exemption and in failing to grant appellant's requested injunctive relief. Appellant's first point of error is sustained.

In his second "counterpoint," appellees allege that the trial court did not err in denying appellant's application for a temporary restraining order because all appellees were not properly served with citation and placed on notice of appellant's application for temporary injunction. We note that appellees' second counterpoint is nonresponsive to appellant's points of error; nonetheless, in the interest of justice we will consider appellee's second "counterpoint."

TEX.R.CIV.P. 120 provides as follows:

The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

The record reflects that, when the cause was called for hearing, counsel for appellees advised the trial court that his clients had not been served but that he was there representing them. The trial court then called the cause, and counsel for appellees made no objection to proceeding to trial, did not ask for a continuance and further cross-examined the witnesses. No further objection was made by appellees' counsel to appellant's failure to effect service of process on appellees. In addition, counsel for appellees filed a brief in the trial court on behalf of appellees when requested to do so by the trial judge.

 After having actively participated in the trial of this cause, appellees cannot now complain of a failure to perfect service of citation. *Gonzales v. Gonzales*, 484 S.W.2d 611 (Tex.Civ.App.—El Paso 1972, no writ). Appellees' second "counterpoint" is overruled.

The judgment of the trial court is REVERSED and RENDERED that appellant's property is exempt from execution pursuant to the judgment creditor's writ as his homestead and with instructions that the trial court grant appellant's requested injunctive relief.