Barbara PATTERSON, Appellant,

v.

The FIRST NATIONAL BANK OF
LAKE JACKSON, Appellee.

No. 14–94–00358–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Motion for Rehearing Denied.
Opinion of Aug. 31, 1995 Withdrawn.
Reversed and Rendered and Corrected
Opinion Filed April 18, 1996.

Opinion Overruling Rehearing
April 18, 1996.

Gary L. McConnell, Angleton, for appellant.

Wallace Shaw, Freeport, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## CORRECTED OPINION

MURPHY, Chief Justice.

Appellant, Barbara Lee Patterson, appeals from the summary judgment of the trial court in favor of appellee, First National Bank of Lake Jackson. In three points of error, appellant alleges that the trial court erred in granting summary judgment in favor of appellee, in denying her Countermotion for Summary Judgment, and in striking

her First Amended Original Answer. We reverse and render.

During her first marriage, appellant, her husband Sigmund Raszka (Raszka), and their two children occupied a single family house as their homestead. After the couple divorced in June 1981, appellant and her children continued to occupy the house. Pursuant to an agreement incorporated in the divorce decree, appellant could continue to occupy the home with their minor children for five years from the date of the divorce decree unless she remarried or died. At the end of the five-year period or if one of the terminating conditions occurred, the house would immediately be sold and the house equity of $29,000 divided between the parties, with any excess equity flowing to Raszka. Appellant remarried in July 1982, and divorced in June 1983, but continued to occupy the house without interference from Raszka. In February 1988, appellant married a third husband, with whom she currently occupies the residence.

In 1986, Raszka borrowed funds from appellee. As collateral for these funds, Raszka granted appellee a security interest in several automobiles. When Raszka defaulted on the loan, appellee brought suit for the unpaid balance. Appellee took a default judgment against Raszka which it abstracted and recorded. In 1989, appellee obtained a writ of execution on its judgment. Subsequently, the Brazoria County sheriff levied execution upon Raszka's interest in the house. Later at a sheriff's sale, appellee purchased Raszka's share in the residence for the balance he owed on the promissory note.

In 1993, appellee brought suit against appellant for partition, seeking an order of sale of the house occupied by appellant, her third husband, and her children, claiming that it owned Raszka's undivided one-half interest in the residence in common with appellant. Appellant answered with a general denial. Appellee moved for summary judgment. At the hearing on appellee's motion, the trial judge agreed to take both parties' arguments under advisement and to waive time limits under Rule 166a in order to allow appellant to file a countermotion for summary judgment and appellee to respond to her motion.

After receiving the motions and briefs in support of the motion, the trial judge agreed to rule without hearing further arguments.

After the hearing, but before filing her Countermotion for Summary Judgment, appellant filed a First Amended Original Answer without requesting leave of court as required by Rule 63 of the Texas Rules of Civil Procedure. Appellee responded by filing a Motion to Strike the amended answer. On December 16, 1993, the trial court informed the parties of its intent to grant appellee's Motion to Strike the amended original answer, and its intent to grant appellee's Motion for Summary Judgment, and to deny appellant's Countermotion for Summary Judgment. On February 28, 1994, the trial court entered summary judgment in favor of appellee, ordered the sale of the property, and entered its denial of appellant's Countermotion for Summary Judgment.

 In her third point of error, appellant asserts that the trial court erred in striking her First Amended Original Answer because she failed to request leave of court to file an amended answer after the hearing on appellee's Motion for Summary Judgment. A summary judgment proceeding is a trial within the meaning of Rule 63 which provides that any amended pleadings offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the trial judge is obtained. TEX.R.CIV.P. 63; *Goswami v. Metropolitan Sav. and Loan*, 751 S.W.2d 487, 490 (Tex.1988); *Hubert v. Illinois State Assistance Com'n*, 867 S.W.2d 160, 162 n. 1 (Tex.App.—Houston [14th Dist.] 1993, no writ). We will not disturb the trial court's order striking the amended pleading absent an abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980).

 Appellant amended her original answer to include the affirmative defense of homestead in order to raise it in her Countermotion for Summary Judgment. The homestead character of a residence is an affirmative defense to a claim for partition by sale. *Bennett v. State Nat. Bank*, 623 S.W.2d 719, 722 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). "A properly pleaded affirmative defense, supported by

uncontroverted summary judgment evidence, may serve as the basis for a summary judgment." *Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991). An unpleaded affirmative defense, however, cannot be the basis for summary judgment unless appellee fails to object to the lack of a pleading in either its written response or before the rendition of judgment. *Id.* In this case, appellant's amended answer was a condition precedent to filing the Countermotion for Summary Judgment. By agreeing that appellant should file a Countermotion for Summary Judgment, and waiving the timetable under Rule 166a, and waiving another hearing on the Countermotion, the trial court implicitly granted appellant leave to file the amended pleading.

■ Furthermore, Texas courts give a liberal interpretation to Rule 63. *Goswami,* 751 S.W.2d at 490. In the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's consideration of the amended pleading. *Goswami,* 751 S.W.2d at 490; *Rose v. Kober Fin. Corp.,* 874 S.W.2d 358, 361 (Tex.App.—Houston [14th Dist.] 1994, no writ). Appellee made no showing of surprise or prejudice in its Motion to Strike. Moreover, the order granting summary judgment states the trial court considered all the pleadings and appellant's Countermotion in reaching its decision to deny appellant's Countermotion for Summary Judgment.

■ Appellee further contends by filing only a general denial, appellant was precluded from raising the homestead issue in her Response because she did not place the issue of homestead before the trial court. "Issues not expressly presented to the trial court by *written* motion, *answer or any other response* shall not be considered on appeal as grounds for reversal." *See* TEX.R.CIV.P. 166a(c) (emphasis added). Therefore, appellee contends, the issue of homestead was not expressly before the trial court at the summary judgment proceeding and cannot be considered by this Court on appeal.

Appellee misstates Rule 166a(c). The term "answer" is broadly construed in the context of Rule 166a(c) to mean an answer to a Motion for Summary Judgment, "not an answer generally filed in response to a petition." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979); *Murphy v. McDermott, Inc.,* 807 S.W.2d 606, 609 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Appellant was not required by Rule 166a(c) to amend her answer to appellee's petition in order to raise an affirmative defense in her Response to appellee's Motion for Summary Judgment. *See Womack v. Allstate Ins.,* 156 Tex. 467, 296 S.W.2d 233, 237 (Tex.1956) (holding that when summary judgment proof disclose facts which renders summary judgment untenable for the moving party, summary judgment should be denied regardless of defects in the pleading of the non-movant). Appellant's Response raising the affirmative defense of homestead was properly before the trial court and is subject to review by this Court.

Because the trial court granted appellant leave to amend her original answer by implication, and because appellant's Response to appellee's Motion for Summary Judgment properly placed the issue of homestead before the court, the trial court abused its discretion in signing an order striking appellant's amended answer. Appellant's third point of error is sustained.

■ In her first and second points of error, appellant contends that the trial court erred in granting appellee's Motion for Summary Judgment, and in denying her Countermotion for Summary Judgment. The standard to be followed in review of a summary judgment is well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in her favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). When both parties move for summary judgment, and the trial court grants one motion and overrules the other motion, all questions presented to the trial court may be presented for consideration on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Ridgway's Inc. v. Payne*, 853 S.W.2d 659, 662 (Tex.App.—Houston [14th Dist.] 1993, no writ).

 Appellant maintains, as she did in her Response to appellee's Motion for Summary Judgment and her Countermotion, that the residence was subject to a homestead interest in Raszka, or in the alternative, in her present husband and children, which would preclude foreclosure by sheriff's sale. The homestead of a single adult or family is protected from forced sale for the payment of debt unless the debt is for purchase money on the homestead, for work and materials used to construct improvements on the homestead property, or for unpaid taxes. *Laster v. First Huntsville Properties*, 826 S.W.2d 125, 129 (Tex.1991) (citing Tex. Const. art. XVI § 50; Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1995)). A mortgage or lien is void if it is illegally levied against homestead property, and can never have any effect, even after the property is no longer impressed with the homestead character. *Id.* at 130.

 Appellee argues, as it did in its Motion for Summary Judgment, that it was a tenant in common with appellant entitled to partition by sale of the residence as a matter of law. Appellee, apparently unchallenged by appellant or Raszka, foreclosed a judicial lien on Raszka's interest in the residence, and subsequently purchased his interest at a sheriff's sale thus allegedly establishing a tenancy in common with appellant.

In *Laster*, the case upon which appellee relies, an ex-spouse, holding only a future interest in a portion of the marital residence, conveyed his future interest to secure payment on a promissory note. *Id.* at 128. Upon his default, the bank holding the note foreclosed on the future interest in the marital residence. *Id.* The supreme court held the foreclosure to be proper under the Texas Constitution because a future interest, unlike a present possessory interest in marital property, is not subject to any homestead protection. *Id.* at 130; *see also Johnson v. Prosper State Bank*, 125 S.W.2d 707, 709–11 (Tex.Civ.App.—Dallas 1939), *aff'd*, 134 Tex. 677, 138 S.W.2d 1117 (1940). When the ex-wife's exclusive right to possess the marital property terminated under the divorce decree, the bank's future interest became a present possessory interest to the extent of the ex-spouse's proportional share of the property. *Laster*, 826 S.W.2d at 131. As a result, the bank became a cotenant with the ex-wife, with the right to seek partition and sale of the property. *Id.* As a cotenant, the ex-wife's possessory interest and her homestead protection no longer extended to the full use of the property, but extended only to her proportional ownership under the divorce decree. *Id.* at 131. Consequently, the property became subject to division as if the court had ordered division at the time of divorce. *Id.*

Here, as in *Laster*, appellant and Raszka entered into an agreed judgment pursuant to their divorce decree awarding joint ownership of the property to both parties, but expressly awarding the right of use and occupancy of the residence impressed with homestead protection to appellant and their children. However, appellant's exclusive use and occupancy was subject to partition and sale upon the occurrence of one of several conditions, including remarriage. Consequently, when appellant married her second husband, she forfeited her right to full use and occupancy of the property. Her interest in the residence extended only to her proportional share in the property, as did her homestead rights in the property. At that time Raszka's future interest became a present possessory interest in the property, and he became a cotenant with the right to demand partition and sale of the property. Upon her marriage to her third husband, appellant formed a new family, and established a new

family homestead in the residence. *See Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex.1972). However, this family homestead extends only to appellant's proportional interest in the residence. *Laster,* 826 S.W.2d at 129.

Raszka, as a cotenant, also retained a homestead interest in his proportionate share of the property that would preclude appellee's foreclosure on the lien for Raszka's general debts. *See United States v. Rodgers,* 461 U.S. 677, 685, 103 S.Ct. 2132, 2138, 76 L.Ed.2d 236 (1983) (noting the Texas Constitution provides each spouse in a marriage with a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment). During the period in which appellant had exclusive possession of the residence, Raszka's right to claim a homestead interest in his share of the property was suspended. *Speer & Goodnight v. Sykes,* 102 Tex. 451, 119 S.W. 86, 88 (Tex.1909). Once appellant remarried, her homestead claim no longer extended to the entire property, whereas Raszka's homestead claim was revived as to his proportionate share of the house. Appellant and Raszka became cotenants in the property, each sharing an undivided one-half interest, and each entitled to a homestead exemption as to their respective share of ownership, based on their preexisting homestead claims in the property. *But see Johnson,* 125 S.W.2d at 709. In this case, appellant had a homestead claim in her undivided share, and Raszka had a homestead claim in his undivided share. As the supreme court stated in *Laster,*

> If a remainderman has a present right to possession in property sufficient to impress it with his homestead interest, and the property is not subject to the preexisting homestead interest of another, the property will be impressed with the homestead character when he receives it in fee simple, and its protection will date back to the time he began occupying it as his homestead.

*Laster,* 826 S.W.2d at 130, n. 2.

▪ Once a homestead right is established, it can only be lost during the claimant's life by abandonment or voluntary conveyance. *Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 436 (Tex.1949). Moreover, once a homestead has been shown to exist, there is a presumption that the homestead continues in the absence of evidence to the contrary. *Eggemeyer v. Eggemeyer,* 623 S.W.2d 462, 465 (Tex.App.—Waco 1981, writ dismissed). Raszka, unlike the ex-husband in *Laster,* did not voluntarily convey his interest in the residence to appellee. Furthermore, appellee does not assert that Raszka abandoned his homestead. *See McFarland v. Rousseau,* 667 S.W.2d 929, 931 (Tex. App.—Corpus Christi 1984, no writ) (stating abandonment is an affirmative defense that must be pled and proved). In her uncontroverted supporting affidavit, appellant presented summary judgment proof that a homestead had been created at the time she, Raszka, and their children occupied the residence as a family. The fact that Raszka was temporarily divested of his right to possess the house is no evidence that he abandoned his homestead. *Sakowitz Bros. v. McCord,* 162 S.W.2d 437, 438–439 (Tex.Civ.App.—Galveston 1942, no writ).

▪ Raszka's status as a divorced parent does not preclude his right to a homestead claim on the residence. A family unit entitled to a homestead may consist of a divorced person and a dependent child, even though the custody of the child may have been awarded to the other spouse, as long as the obligation for support continues and a genuine parent-child relationship exists. *Reynaldo,* 630 S.W.2d at 639. Consequently, two heads of families may exist after a divorce, with each head entitled to hold his or her homestead against forced sale. *Id.* at 640. In this case, Raszka's supporting affidavit indicates he understood and performed his parental obligations, and that he intended his children to remain in this home until they reached the age of majority. Consequently, he had not attempted to enforce his right to partition the property. He further stated that he had not remarried, nor had he purchased any other real property upon which he established a separate homestead. Because his homestead exemption protected Raszka's share of the house in which appellant and her family resided, Raszka's undi-

vided interest was not subject to a forced sale by appellee. TEX. CONST. art. XVI § 50.

 Appellee further contends that even if the trial court erred in granting summary judgment, the trial court did not err in denying appellant the same because appellant tendered only the affidavits of interested parties as summary judgment proof. Appellee maintains the testimony of an interested party is inconclusive as to the existence of a homestead. However, neither case cited by appellee is a summary judgment case. *See Hilliard v. Home Builders Supply Co.,* 399 S.W.2d 198 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.); *Savell v. Flint,* 347 S.W.2d 24 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.). Moreover, our rules allow a summary judgment to be based on uncontroverted testimonial proof by an interested witness. TEX.R.CIV.P. 166a(c). Because appellee did not controvert the affidavits of appellant, her present husband, or Raszka which were properly attached to appellant's Response and to her Countermotion for Summary Judgment, the trial court could grant summary judgment on the basis of these affidavits.

Because Raszka's homestead exemption protected the house from forced sale, and the supporting affidavits presented sufficient summary judgment proof, the trial court erred in granting summary judgment to appellee and in denying the same to appellant. Appellant was entitled to summary judgment as a matter of law. Appellant's first and second points of error are sustained.

Accordingly, we reverse the judgment of the court below and render judgment in favor of appellant.

### OPINION ON MOTION
### FOR REHEARING

 Although not raised in its original brief, appellee asserts, in its Motion for Rehearing, that Raszka is a necessary party to this suit, and therefore, this Court must remand the case to the trial court for his joinder. Appellee asserts that Raszka is a necessary party because appellant sought to defeat appellee's right to partition based, in part, on Raszka's alleged homestead interest

in the property, which is personal. However, the Sheriff's Deed, which purportedly conveyed Raszka's interest to appellee and upon which appellee sought to partition the property, is a void document. *See* TEX. CONST. art. XVI, § 50; *Laster v. First Huntsville Properties,* 826 S.W.2d 125, 130 (Tex.1991). "A void instrument has no effect, even as to persons not parties to it, and its invalidity may be asserted by anyone whose rights are affected." *McGahey v. Ford,* 563 S.W.2d 857, 861 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). Without a doubt, appellee's rights to her interest in the homestead property were affected by the Sheriff's Deed. Therefore, under the general rule stated above, she properly asserted a homestead claim on behalf of her ex-husband, without his joinder. *Id.; compare with Rimmer v. McKinney,* 649 S.W.2d 365 (Tex.App.—Fort Worth 1983, no writ) (wife asserted ex-husband's homestead claim).

Accordingly, we overrule appellee's motion for rehearing.