ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/16/2025 1:00 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00005-CV**

_____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/16/2025 1:00:47 PM
CHRISTOPHER A. PRINE
Clerk

**In the
Fifteenth Court of Appeals**

_____

JOHNNY PARTAIN,
*Plaintiff –Appellant,*
v.

STATE OF TEXAS,
*Defendant –Appellee.*

_____

On Appeal from the
126th Judicial District Court, Travis County, Texas

_____

**APPELLEE'S BRIEF**

_____

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil
Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4392
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov
Counsel for Appellee

i

## IDENTITIES OF PARTIES AND COUNSEL

Trial Court Judge:    Honorable F. Scott. McCown
                      Presiding Judge
                      353rd District Court
                      1700 Guadalupe
                      Austin, Texas 78701

Appellant:            Johnny Ray Partain

                      *Pro Se*
                      7020 N. 16th Street
                      McAllen, Texas 78504

Appellee:             State of Texas

                      Attorneys of Record:
                      Ali M. Thorburn
                      Assistant Attorney General
                      General Litigation Division
                      Texas Bar No. 24125064
                      Ali.Thorburn@oag.texas.gov

                      Zachary L. Rhines
                      Special Counsel
                      Special Litigation Division
                      Texas Bar No. 24116957
                      Zachary.Rhines@oag.texas.gov

# TABLE OF CONTENTS

Identities of Parties and Counsel....................................................................ii

Table of Contents.........................................................................................iii

Index of Authorities....................................................................................... v

Statement Of The Case................................................................................. 1

Statement Regarding Oral Argument............................................................ 2

Issue Presented.............................................................................................. 3

Statement of the Facts................................................................................... 4

    I.  Partain Has a Long History of Conflict with the State. .................. 4

    II. Partain Filed and Attempted to Enforce a Fraudulent Financing Statement.................................................................................................. 6

    III.The State Filed Suit to Remedy the Injuries Caused by Partain's Filing and Attempted Enforcement of the Fraudulent Financing Statement.................................................................................................. 9

    IV.Partain Brought This Appeal. ....................................................... 12

Summary of the Argument.......................................................................... 14

Argument.................................................................................................... 17

    I.  Partain Failed to Adequately Brief His Arguments and, As Such, They Are Not Properly Before This Court.......................................17

    II. The District Court Properly Granted the State's Request for a Permanent Injunction, Release of the Financing Statement, and Declaratory Relief. .............................................................................19

        A.   The State had authority to sue Partain under § 9.5185. ........20

        B.   Partain violated § 9.5185.........................................................22

C.  The district court properly granted the State's request for permanent injunctive relief. .......................................................23

D.  Partain's due process rights were not denied. ..........................24

E.  The Texas Constitution does not prevent the State from Enforcing the Texas Business and Commerce Code ................26

F.  The State did not sue Partain to reverse Partain's exercise of his constitutional right to compensation. .................................29

G.  The State's complaint is not moot. ............................................30

H.  Several of Partain's points of error are raised for the first time on appeal and are therefore not properly before this court. ...31

III.  Prayer ..................................................................................................32

Certificate of Compliance ...........................................................................33

Certificate of Service ...................................................................................33

Appendix ......................................................................................................34

# INDEX OF AUTHORITIES

## Cases

*City of Corpus Christi v. Five Citizens of Corpus Christi,*
103 S.W.3d 660 (Tex. App.—Edinburg 2003, pet.
denied) ...................................................................................16, 23

*Denmon v. Atlas Leasing,*
285 S.W.3d 591 (Tex. App.–Dallas 2009, no pet.) ...........................18

*Harris Cnty. Flood Control Dist. v. Kerr,*
499 S.W.3d 793 (Tex. 2016) ............................................................27

*Heckman v. Williamson Cty.,*
369 S.W.3d 137 (Tex. 2012) ....................................................passim

*Huynh v. Blanchard,*
694 S.W.3d 648 (Tex. 2024) ............................................................16

*Leibovitz v. Sequoia Real Estate Holdings, L.P.,*
465 S.W.3d 331 (Tex. App.—Dallas 2015, no pet.) .........................23

*Mickens v. Longhorn DFW Moving Inc.,*
264 S.W.3d 875 (Tex. App.—Dallas 2008, pet. denied) ..................25

*Mosely v. Tex. Health and Hum. Serv. Comm'n,*
593 S.W.3d 250 (Tex. 2019) ............................................................26

*NexPoint Advisors, L.P. v. United Development Funding IV,*
674 S.W.3d 437 (Tex. App.—Fort Worth 2023, pet.
denied) ...............................................................................18, 29

*Partain v. Eddie Guerra, et al.,*
No. C-0929-12-F (332nd District Ct., Hidalgo County,
Tex.) .......................................................................................27

*Poretto v. Patterson,*
251 S.W.3d 701 (Tex. App–Houston [1st Dist] 2007, no
pet.) ........................................................................................27

*Ski River Development, Inc. v. McCalla,*
167 S.W.3d 121 (Tex. App.—Waco 2005, pet. denied) ....................16

*State v. Loe,*
692 S.W.3d 215 (Tex. 2024) ............................................................28

*Stringfellow v. Tex. Dep't of Pub. Safety*,
No. 15-24-00024-CV, 2025 WL 996361 (Tex. App.—
Austin [15th Dist.] Apr. 3, 2025, pet. filed).....................................17

*Tex. Outfitters Ltd., LLC v. Nicholson*,
572 S.W.3d 647 (Tex. 2019)............................................... 16, 23, 24

## Statutes

TEX BUS. & COM. CODE § 9.5185.......................................................passim

## Rules

TEX. R. APP. P. 33.1...........................................................................15, 31

TEX. R. APP. P. 38.1..................................................................... 14, 17, 18

## Constitutional Provisions

TEX. CONST. ART. I SEC. 29..............................................................15, 28

## Record References

The following record references will be used in Appellee's Brief:

Clerk's Record ............................................................... C.R. [*page*]

Supplemental Clerk's Record.......................................... Supp. C.R. [*page*]

Reporter's Record Volume 1 ........................................... R.R. Vol. 1 [*page*]

Reporter's Record Volume 2 ........................................... R.R. Vol. 2 [*page*]

# STATEMENT OF THE CASE

Nature of the Case:    The State alleges that Partain violated § 9.5185 of the Texas Business and Commerce Code by filing a fraudulent financing statement because Partain filed a financing statement claiming a security interest in all State property when he knew he did not have a judgment lien, security agreement, or any other interest in State property. C.R. 8-20. The question on appeal is whether the trial court's order declaring the financing statement fraudulent, void, and unenforceable, ordering its release, and enjoining Partain from enforcing it or from filing other fraudulent financing statements groundlessly claiming a security interest in State property was an abuse of discretion. C.R. 201-03.

Trial Court:    353rd Judicial District, Travis County Hon. F. Scott McCown presiding and ruling

Trial Court Disposition:    The trial court granted the State's requests for declaratory and injunctive relief, denied the State's request for statutory damages and attorneys' fees, and denied Partain's Plea to the Jurisdiction. C.R. 201-03.

1

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not believe Oral argument is necessary in this case. However, if the Court schedules oral argument, the State requests the opportunity to participate.

## ISSUE PRESENTED

1. Partain unilaterally claims he has a security interest in all State property and filed a financing statement with the Texas Secretary of State attempting to secure that alleged interest. Did the district court properly declare that financing statement fraudulent, void, and unenforceable, order its release, and enjoin Partain from attempting to enforce it and from filing further fraudulent financing statements claiming State property absent a valid security agreement?

## STATEMENT OF THE FACTS

The State contests all statements of fact made in Partain's Brief. The State addresses the most relevant below.

### I. Partain Has a Long History of Conflict with the State.

More than five years ago, Partain brought an inverse condemnation claim against the State in Hidalgo County. C.R. 59-80, 87-89. While the suit was ongoing, but before a ruling was issued, on August 3, 2020, Partain wrote a letter to Governor Abbott "requesting a timely scheduled meeting" "to negotiate reasonable compensation for [his] property losses so that [he] might finally resume [his] life, liberty, property, privilege, and immunities with [his] family as promised under [the] Texas Constitution". Supp. C.R. 85. This letter to Governor Abbott contains the only complete description of the property Partain claims the State took from him. Supp. C.R. 84-85. All Partain's grievances revolve around a bitter legal dispute between Partain and a former business partner where Partain lost, and a court enforced the judgment against Partain. Supp. C.R. 84-85. None of the claims actually involve the State taking Partain's property. *See id.*

Subsequently, on November 20, 2020, the Hidalgo County District Court dismissed Partain's inverse condemnation claims with prejudice. C.R. 59. Unsatisfied with this outcome, on December 21, 2021, Partain wrote a letter to Governor Abbott and Attorney General Paxton stating "The State of Texas owes me $250 million for condemnation and destruction of my property through its efforts to protect official incompetence and corruption in South Texas." Supp. C.R. 80. Partain further stated that "If you ignore me, I will be forced to take the $250 million, plus whatever costs to collect it, to make myself whole – to embarrass everyone involved and to destroy the status quo so I might finally live peacefully in Texas." Supp. C.R. 81.

On August 11, 2022, Partain wrote a letter titled "Notice of Debt Collection" to the Governor Abbott and Attorney General Paxton informing them that "The State of Texas may pay its debt to Johnny Partain within 20 days of this letter without incurring additional costs, but note that no action is necessary from your office. If you protest and wish to justify your position, protest immediately and be very specific regarding the terms of your protest: Remember that the Texas judiciary has already waived and exhausted its jurisdiction to review this debt,

punting any reasonable and civil resolution to your offices if possible." Supp. C.R. 79.

Shortly thereafter, Partain filed a miscellaneous claim with the Texas Comptroller for $250,000,000. Supp. C.R. 77. The Comptroller did not give Partain $250,000,000, but instead wrote to him and informed him that in order to claim just compensation for a taking, a court must rule that a taking occurred. Supp. C.R. 76.

Upset that he was not given $250,000,000 of State money and property, on May 18, 2023, Partain wrote a letter to the then-United States Attorney General Merrick Garland, claiming he was filing a criminal complaint against the Texas Governor and Attorney General for not giving him the now increased amount of $327,143,334. Supp. C.R. 73-75.

## II. Partain Filed and Attempted to Enforce a Fraudulent Financing Statement.

On October 6, 2023, Partain filed financing statement No. 23-0043292984 ("the Financing Statement") with the Texas Secretary of State (C.R. 201) claiming Partain has a security interest in "all assets, interests, and taxes, prospective and real, belonging to Texas…the sum

certain total including $250,000,000, plus 10% compounded interest per year accruing on the $250,000,000 since January 4, 2021" (C.R. 202).

Partain attempted to collect on the debt alleged in the Financing Statement; specifically, Partain filed general warranty deeds purporting to deed State property to himself and from himself (C.R. 91-117) and harassed private oil and gas companies in an attempt to get them to pay royalties due to the Texas Permanent School Fund[1] ("PSF") to him, rather than the PSF (C.R. 11, 201-202; R.R. Vol. 2 24:1-37:19). Partain sent at least 18 of these threatening letters to private oil and gas lessees. R.R. Vol. 2 at 30:19-31:5. These letters included statements such as "I am giving you a final opportunity to correct your trespass. If I don't receive an appropriate response from you to resolve this problem by December 1, 2024, I will shut down your production, possibly confiscating your equipment in the process, and cancel your lease rights." *E.g.* R.R. Vol. 2 at 36:18-24. Partain also attached "transfer statements" to the letters he sent to the oil and gas lessees (*e.g.* R.R. Vol. 2 at 27:22-29:11). It is from

---

[1] The Permanent School Fund was created by Texas's first Constitution in 1845 as a perpetual fund to support the State's public schools. The PSF's mission is to provide for Texas public schools. PSF lands, including the leasing of surface and mineral rights, are managed by the General Land Office ("GLO"). The proceeds from these lands, *particularly oil and natural gas royalty revenue*, go to support Texas public schools. C.R. 28.

7

these transfers Partain claims to have "already collected his compensation[.]" Appellant's Brief at 2.

Upon discovering Partain's filing of the Financing Statement and attempts to enforce it, on January 31, 2024, the Office of the Attorney General sent Partain a Cease and Desist letter informing him his representations of a security interest in State property in the Financing Statement were "wholly inaccurate and entirely without authority" and requesting he stop contacting companies and claiming an interest in State property, file a UCC termination statement, and send copies of the termination statement to all companies who he had previously contacted and claimed a security interest in State property. Supp. C.R. 71-72.

On February 16, 2024, Partain responded to the Cease and Desist letter with a letter of his own stating that "[a]s of February 16, 2024, the State of Texas is indebted to me for approximately $337 million, minus the estimated over $100 million in assets I possess through execution against the State. That's comes out to about $237 million…I've developed a lot of tools and I will collect the full amount of the State's debt…Please make certain that the GLO returns my royalties back to me." C.R. 70.

**III. The State Filed Suit to Remedy the Injuries Caused by Partain's Filing and Attempted Enforcement of the Fraudulent Financing Statement.**

The State filed suit under section 9.5185 of the Texas Business and Commerce Code and requested the district court (1) declare the Financing Statement fraudulent, void, and unenforceable, (2) order the release of the Financing Statement, (3) permanently enjoin Partain from attempting to collect on the Financing Statement, (4) permanently enjoin Partain from filing more fraudulent financing statements falsely claiming a security interest in State property, and (5) grant the State statutory monetary relief and attorney's fees and costs. C.R. 29.

The State set a hearing on its request for temporary injunction for December 17, 2024, and all parties received notice (C.R. 21-22) and were present at the hearing (C.R. 201). At the hearing, the Court asked if both parties were amenable to proceeding with a hearing on the State's request for permanent injunction. R.R. Vol. 2 69:23-70:5. Both parties agreed to proceed with a permanent injunction trial on the merits. C.R. 201; R.R. Vol. 2 69:23-70:5. But before proceeding with the merits, the Court heard argument on Partain's plea to the jurisdiction. R.R. Vol. 2 11:23-17:11.

On December 19, 2024, the district court signed an order denying Partain's Plea to the Jurisdiction and Motion to Dismiss (C.R. 203) and entering declaratory judgment for the State (C.R. 202). The district court's order declared the Financing Statement fraudulent, void, and unenforceable and declared that the State does not owe the debt alleged in the Financing Statement. C.R. 202.

In that order, the district court also granted the State's request for injunctive relief and enjoined Partain from enforcing or attempting to enforce the security interest alleged in the Financing Statement (preventing Partain from taking actions to interfere with State property and the Texas Permanent School Fund) and further enjoined Partain from filing additional financing statements claiming a security interest in the collateral covered in the Financing Statement or any other State property absent a valid security agreement or judgment lien. C.R. 203.

The district court ordered the release of the Financing Statement and ordered the Texas Secretary of State to file a UCC Financing Statement Amendment terminating the Financing Statement. C.R. 202. The district court attached a proposed UCC Financing Statement Amendment to its order. C.R. 205.

10

The district court supported its order with findings of fact and conclusions of law. *See* C.R. 201-03. Specifically, the district court found: (1) Partain filed the Fraudulent Financing Statement with the Texas Secretary of State on October 6, 2023 (C.R. 201); (2) the Financing Statement is groundless and contains a material false statement (C.R. 202); (3) the Financing Statement is not predicated on a security agreement (*id.*); (4) Partain has no security interest in the collateral listed in the Financing Statement,(*id.*); (5) Partain attempted to enforce the Financing Statement by attempting to collect or otherwise transfer the property listed in the Financing Statement (*id.*); and (6) Partain's attempts to enforce the Financing Statement caused the State imminent and irreparable harm for which there is no adequate remedy at law other than a writ of injunction (C.R. 201-02).

The district court further found Partain knowingly filed the Financing Statement in violation of Texas Business and Commerce Code section 9.5185 (C.R. 201) and Partain's attempts to collect or otherwise transfer the property covered in the Financing Statement have caused and will continue to cause the State imminent, irreparable harm for

11

which there is no other adequate remedy at law besides a writ of injunction (C.R. 202).

Partain filed a Motion for New Trial, but the district court denied it because "[g]ranting a new trial so that [Partain] can request a jury is pointless." Supp. C.R. 1033. "As the trial record shows, the State prevails as a matter of law. There are no fact issues for the Court to submit to a jury." *Id.*

## IV. Partain Brought This Appeal.

Partain filed this appeal, seeking to overturn the district court's order entered against him in its entirety and requests dismissal of the State's suit with prejudice. Appellant's Brief at 40. Partain's appeal is based on his argument that because he proclaims the State committed a taking against him, he has the constitutional right to take State property absent a court order. Appellant's Brief at 1.

Partain claims "[t]he district court case included no discovery[.]" Appellant's Brief at 13. This is false. *See* C.R. 29. "On July 17, 2024, the State served Partain with Plaintiff State of Texas' First Set of Discovery Requests." *Id.* Partain did not respond or serve discovery on the State. *See id.*

Partain also claims "the district case is not developed" because "the hearings are alleged to have no reporter record available" and "significant amounts of evidence were electronically filed in the court's "Box" but are "not with the clerk as required by the court." Appellant's Brief at 4. This is similarly untrue. *See e.g.* R.R. Vol. 2 3-5; R.R. Vol. 1 1-8.

## SUMMARY OF THE ARGUMENT

This Court should affirm the district court because "[a]s the trial record shows, the State prevails as a matter of law." Supp. C.R. 1033. The State prevails as a matter of law for several reasons.

First, Partain failed to support his arguments as required by the Texas Rules of Civil Procedure and has, therefore, waived any error that may have existed. TEX. R. APP. P. 38.1(g-i).

Second, the district court properly granted the State's request for a permanent injunction, release of the Financing Statement, and declaratory relief. This is true for several reasons.

The State had statutory authority and legal standing to sue Partain. *See* TEX. BUS. & COM. CODE § 9.5185; *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154-55 (Tex. 2012). The relief the State requested is authorized by statute. TEX. BUS. & COM. CODE§ 9.5185(d).

The evidence supports the Court's granting of the State's request for declaratory judgment, release of the Financing Statement, and entry of a permanent injunction. C.R. 201-03; *see e.g.* R.R. Vol 2 57:18-22. The facts of the proceeding show Partain's due process rights were not violated in reaching this result. *E.g.*, C.R. 21-22, 201; R.R. Vol. 2 69:23-

14

70:9. No court has found the State committed a taking against Partain. *See* R.R. Vol 2 57:18-22. The Texas Constitution does not prevent the State from Enforcing the Texas Business and Commerce Code. TEX. CONST. ART. I SEC. 29.

The State brought the lawsuit against Partain because Partain filed a fraudulent financing statement claiming a security interest in all State property and used that Financing Statement to harass and extort private and public individuals into giving him money. C.R. 29, 91-117; Supp. C.R. 8-11; R.R. Vol. 2 34:9-39:25. This complaint is not moot. *See Heckman*, 369 S.W.3d at 162; C.R. 8-11. To the extent Partain presents other arguments for reversal, they were not properly raised and preserved at the district court and are therefore not before this Court. TEX. R. APP. P. 33.1. For these reasons, this Court should affirm the district court judgment in full.

## STANDARD OF REVIEW

This Court reviews orders granting permanent injunctions under an abuse of discretion standard. *Huynh v. Blanchard*, 694 S.W.3d 648, 673 (Tex. 2024); *City of Corpus Christi v. Five Citizens of Corpus Christi*, 103 S.W.3d 660, 662 (Tex. App.—Edinburg 2003, pet. denied). This Court reviews a trial court's granting of declaratory judgment under the same standards as other judgments and decrees. *Ski River Development, Inc. v. McCalla*, 167 S.W.3d 121, 133 (Tex. App.—Waco 2005, pet. denied). To determine the proper standard, this Court looks to the procedure used to resolve the issue at trial. *Id.* This Court reviews a trial court's findings of fact issued after a bench trial by the same appellate standards as a jury verdict, for legal sufficiency of the evidence. *Tex. Outfitters Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019).

## ARGUMENT

### I. Partain Failed to Adequately Brief His Arguments and, As Such, They Are Not Properly Before This Court.

As a preliminary matter, this Court may uphold the district court's ruling because Partain failed to support his arguments as required by the Texas Rules of Appellate Procedure and has, therefore, waived any error that may have existed. "Although we liberally construe the arguments in a pro se litigant's brief, a pro se litigant nevertheless must comply with the Texas Rules of Appellate Procedure." *Stringfellow v. Tex. Dep't of Pub. Safety*, No. 15-24-00024-CV, 2025 WL 996361, at *3 (Tex. App.—Austin [15th Dist.] Apr. 3, 2025, pet. filed) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)) ("pro se litigants are not exempt from the rules of procedure").

The Texas Rules of Appellate Procedure require parties to support their statement of facts with references to the record and make a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(g-i). Failure to provide citation to the record or citations for legal references constitutes inadequate briefing and waiver." *NexPoint Advisors, L.P. v.*

17

*United Development Funding IV*, 674 S.W.3d 437, 446-47 (Tex. App.—Fort Worth 2023, pet. denied).

"For an issue to be properly before this court, the issue must be supported by argument and authorities and must contain appropriate citations to the record." *Denmon v. Atlas Leasing*, 285 S.W.3d 591, 597 (Tex. App.–Dallas 2009, no pet.) (citing TEX. R. APP. P. 38.1(h)). "Bare assertions of error, without argument, authority, or citation to the record waive error." *Denmon*, 285 S.W.3d at 597 (citing *Sullivan*, 943 S.W.2d at 486).

Partain's brief contains little to no references to the record. *See generally* Appellant's Brief. This Court is "not responsible for searching the record for facts that are favorable to the appellant's position. *NexPoint Advisors, L.P.*, 674 S.W.3d at 446 (citing *Hornbuckle v. Cadillac*, No. 02-15-00267-CV, 2016 WL 3157569, at *2 (Tex. App.—Fort Worth June 2, 2016, no pet.) (per curiam) (mem. op.).

The citations in Partain's brief point generally to the Appendix attached to the brief and do not direct this Court to the points of error alleged to have occurred or support his factual assertions. *E.g.,* Appellant's Brief at 25 ("App. 9 Petition to the Texas Legislature").

Likewise, Partain's citations to legal authority are not supported by "a clear and concise argument for the contentions made" but are instead accompanied by unsupported legal conclusions which do not apply the facts of the case to the law cited. *E.g.,* Appellant's Brief at 37. As such, this Court should consider Partain's arguments waived and affirm the district court in full.

## II. The District Court Properly Granted the State's Request for a Permanent Injunction, Release of the Financing Statement, and Declaratory Relief.

Each of Partain's arguments for reversal are based in four incorrect assertions. First, a taking occurred. Appellant's Brief at 1. Second, because a taking occurred, Partain has the right to take State property without a Court order. *Id.* at 11. Third, Partain now owns $340 million of State property. *Id.* at 1. Fourth, the Constitution prohibits the State from taking any action to get it back. *Id.* at 27. In Partain's own words, "[b]asically, Texas stole Partain's property and Partain took it back." *Id.* at 1. "Partain could have filed a complete fabrication with the Secretary of State and it wouldn't have mattered if it was necessary to collect compensation from the state." *Id.* at 27. These arguments do not support reversal of the district court's judgment.

To the contrary, State law prohibits the filing of fraudulent financing statements with the Secretary of State. TEX. BUS. & COM. CODE § 9.5185. Under § 9.5185(a), "a person may not intentionally or knowingly present for filing or cause to be presented for filing a financing statement that the person knows is (1) forged; (2) contains a material false statement; or (3) is groundless." *Id.* § 9.5185(a). "An owner of property covered by a fraudulent financing statement described in Subsection (a) also may file suit in a court of suitable jurisdiction requesting specific relief, including, but not limited to, release of the fraudulent financing statement." *Id.* § 9.5185(d).

A. The State had authority to sue Partain under § 9.5185.

The State had authority to sue Partain under § 9.5185 because the State is the owner of the property covered in the Financing Statement, (C.R. 202; Supp. C.R. 8-11), and Partain filed the Financing Statement (C.R. 201; TEX. BUS. & COM. CODE § 9.5185(d)). The relief the State requested is authorized by statute. TEX. BUS. & COM. CODE § 9.5185(d).

Partain also claims the State lacks standing to bring suit against him. Appellant's Brief at 12. Partain is incorrect.

Standing is a jurisdictional prerequisite to suit that requires a plaintiff plead (1) an injury in fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by the court. *Heckman*, 369 S.W.3d at 154-55. The State fulfills each of these elements.

Partain harassed private companies who work with the State, interfered with the State's business relationships (R.R. Vol 2 37:17-39:25), and claimed he had already taken millions of dollars of State property (*id.* at 9:22-25). These are injuries in fact that are traceable to Partain. *See Heckman*, 369 S.W.3d at 154-55.

The injuries were redressable: the Court remedied the injuries when it enjoined Partain from continuing to attempt to collect on the Financing Statement, ordered the release of the Financing Statement, and declared the Financing Statement fraudulent, void, and unenforceable. C.R. 201-03. As such, the evidence shows that the State fulfills all elements of standing. *Heckman*, 369 S.W.3d at 154-55. Partain has provided no citations to the record nor accurate legal analysis supporting a contrary conclusion. *See generally* Appellant's Brief.

B. Partain violated § 9.5185.

The district court found Partain knowingly filed a fraudulent financing statement with the Secretary of State. C.R. 201; TEX. BUS. & COM. CODE § 9.5185(a). The evidence presented supports this conclusion.

Partain admits he brought an inverse claim against the State and that it was dismissed. C.R. 87. After his takings claim was dismissed but prior to filing the Financing Statement, Partain admits he submitted a miscellaneous claims application to the Texas Comptroller requesting $250 million dollars. R.R. Vol. 2 55:13-22. The Comptroller informed him he was required to obtain a judgment from a Texas court to enforce his right to payment. R.R. Vol 2 57:2-22. Partain admits he does not have such a court order. R.R. Vol 2 57:18-22.

As such, the district court correctly found that the statement in the Financing Statement claiming a security interest in all State property is false and that Partain knew this when he filed the Financing Statement. C.R. 202. Therefore, the district court properly concluded Partain violated § 9.5185 and properly declared the Financing Statement fraudulent, void, and unenforceable and ordered the release of the

Financing Statement. TEX. BUS. & COM. CODE §§ 9.5185(a, d); C.R. 201-03.

Partain presents no arguments or facts to support any assertion that the conclusion the district court reached lacks even a scintilla of evidence supporting it. *Texas Outfitters Ltd., LLC*, 572 S.W.3d at 653. Therefore, this Court should affirm the district court's granting of declaratory relief and release of the Financing Statement.

C. The district court properly granted the State's request for permanent injunctive relief.

A party is entitled to a permanent injunction when they plead and prove "(1) a wrongful act; (2) imminent harm; (3) irreparable injury; and (4) no adequate remedy at law." *Leibovitz v. Sequoia Real Estate Holdings, L.P.*, 465 S.W.3d 331, 350 (Tex. App.—Dallas 2015, no pet.). A district court's decision to grant a permanent injunction is reviewable by an abuse of discretion standard. *Five Citizens of Corpus Christi*, 103 S.W.3d at 662.

Partain's failure to provide citations to the record and accurate legal analysis and support for why any of the district court's decision was an abuse of discretion is one reason this Court should affirm the district court. *See generally* Appellant's Brief; *see Texas Outfitters Ltd., LLC*, 572

S.W.3d at 653. But more importantly, the evidence showed that Partain violated § 9.5185 (*see supra*) and that Partain's actions constituted an imminent and irreparable injury for which there was no adequate remedy at law besides a writ of injunction. C.R. 202.

Partain's attempts to enforce the Financing Statement included threatening and harassing private entities (R.R. Vol. 2 36:18-39:25), threatening State officials (R.R. Vol. 2 39:6-40:15), and filing fraudulent transfer statements and general warranty deeds (R.R. Vol. 2 27:10-31:3; 44:7-20; 46:1-7; C.R. 91-117). The evidence also showed Partain intended to continue to engage in this behavior absent a Court order. R.R. Vol. 2 41:9-15. As such, the district court properly found Partain committed a wrongful act which has caused and will continue to cause imminent and irreparable injury to the State absent injunctive relief. C.R. 202.

### D. Partain's due process rights were not denied.

Partain claims his due process rights were denied because "[t]he judge misrepresented to Partain that he was not entitled to a jury trial" and did not give him a jury. Appellant's Brief at 36. To the extent Partain raised these claims in the lower court, the district court properly denied them and this Court should affirm for several reasons.

24

Partain's failure to provide any citation to the record or legal authority to support his assertion that the judge "acted without reference to any guiding rules or principles" when finding there was no genuine issue of material fact is another reason this Court should affirm the district court's ruling. Appellant's Brief at 36 (internal quotations omitted). But more importantly, the facts of the proceeding show Partain's due process rights were not violated. *E.g.*, C.R. 21-22, 201; R.R. Vol. 2 69:23-70:9.

First, the judge's statement was not a misrepresentation. The district court found there was no genuine issue of material fact to present to the jury. Supp. C.R. 1033. A person has no right to a jury trial in the absence of a genuine issue of material fact. *Mickens v. Longhorn DFW Moving Inc.*, 264 S.W.3d 875, 880 (Tex. App.—Dallas 2008, pet. denied) (citing *Walden v. Affiliated Computer Serv.* Inc., 97 S.W.3d 303, 323-24 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). Partain has provided no citations to the record nor accurate legal analysis supporting a conclusion that there were genuine issues of material fact. *See generally* Appellant's Brief. Thus, the judge's representation was not incorrect. *See id.*

Second, even if the judge did "misrepresent" Partain's rights, a "misrepresentation" by a judge is not a denial of due process. Due process requires notice and an opportunity to be heard. *Mosely v. Tex. Health and Hum. Serv. Comm'n*, 593 S.W.3d 250, 265 (Tex. 2019). Partain received notice of a hearing (C.R. 21-22), was present at the hearing (C.R. 201), and was heard at the hearing (*see generally* R.R. Vol 2). Therefore, Partain received due process. *See Mosley*, 593 S.W.3d at 265.

Third, Partain agreed to proceed with a permanent injunction trial without a jury. R.R. Vol. 2 69:23-70:9. As such, Partain's due process rights were not denied.

E. <u>The Texas Constitution does not prevent the State from Enforcing the Texas Business and Commerce Code.</u>

Partain claims the United States and Texas Constitutions prevent the State's action against Partain under § 9.5185. Appellant's Brief at 13-18. Specifically, Partain claims "there is no order the district court could issue that wouldn't violate Partain's right to just and adequate compensation that he has already collected." *Id.* at 12. To the extent Partain raised these claims in the lower court, the district court properly denied them and this Court should affirm for several reasons.

*1. The State did not take Partain's property and therefore Partain does not have a right to just compensation.*

Over four years ago, Partain brought an inverse condemnation claim in Hidalgo County District Court. *Partain v. Eddie Guerra, et al.*, No. C-0929-12-F (332nd District Ct., Hidalgo County, Tex.). The claims were dismissed with prejudice. C.R. 58-80. Partain admits his claim was dismissed. C.R. 87. As such, when Partain filed the Financing Statement, Partain knew no Court had found a taking had occurred. *See id.* Because no taking occurred, Partain is not entitled to compensation for a taking. *See Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016).

*2. Even if the State did take Partain's property, that does not give Partain a constitutional right to commit fraud.*

Even if a taking had occurred (and Partain had properly brought that claim), that fact would not grant Partain the right to file a fraudulent financing statement. *Poretto v. Patterson,* 251 S.W.3d 701, 708 (Tex. App–Houston [1st Dist] 2007, no pet.). The remedy for a taking is just compensation, not the right to commit fraud. *See id.* Therefore, to the extent Partain raised his claim in the lower court, the district court properly denied it and this Court should affirm.

*3. Article 1 section 29 of the Texas Constitution does not prohibit the State from enforcing the Texas Business and Commerce Code.*

Partain claims the Texas Constitution gives him the right to commit fraud if a taking has occurred. Appellant's Brief at 27. Partain is incorrect.

Article I section 29 declares everything in the Bill of Rights "excepted out of the general power of government, and shall remain forever inviolate, and all laws contrary thereto, or the following provisions shall be void." TEX. CONST. ART. I SEC. 29. Partain argues this means "statutory law cannot restrain the constitution[s] or Partain's civil right to compensation, including through Section 9.5185(a) of the Texas Business and Commerce Code, even if Congress, Governor, or Judiciary wanted to." Appellant's Brief at 17. This is not true because regulations against committing fraud do not infringe in any way on the right to just compensation. *See State v. Loe,* 692 S.W.3d 215, 250-53 (Tex. 2024) (Busby, J., concurring) (citing TEX. CONST. ART. I SEC. 29) (describing when section 29 takes effect and prohibits certain legislation).

Partain cites no cases that support this interpretation of section 29. Appellant's Brief at 17-18. The cases Partain does reference recite vague

principles which do not actually support Partain's interpretation. *Id.* Partain provides no analysis or application of the facts of this case to the law he cites. *Id.* Additionally, Partain includes no citations to the record supporting this argument. *Id.* As such, this argument is both legally incorrect and inadequately briefed such as to be no argument at all. *See NexPoint Advisors, L.P.*, 674 S.W.3d at 446-47. Therefore, to the extent Partain raised this argument in the lower court, the district court properly denied it and this Court should affirm.

F. <u>The State did not sue Partain to reverse Partain's exercise of his constitutional right to compensation.</u>

First and foremost, as discussed *supra*, the State did not take Partain's property. The reason Partain says the lawsuit was brought to "reverse Partain's exercise of his constitutional right to compensation" is because Partain claims his filing of the fraudulent Financing Statement, transfer statements, general warranty deeds, and harassing of private and public individuals actually gave him ownership of State property. R.R. Vol. 2 9:22-10:13; Appellant's Brief at 1. Therefore, according to Partain, any attempt by the State to clear the title to its property is actually the State stealing from Partain. R.R. Vol. 2 9:22-10:13; Appellant's Brief at 30. This is incorrect.

The State brought the lawsuit against Partain because Partain filed a fraudulent financing statement claiming a security interest in all State property and used that Financing Statement to harass and extort private and public individuals into giving him money. C.R. 29, 91-117; Supp. C.R. 8-11; R.R. Vol. 2 34:9-39:25. Such conduct is a criminal violation as well as a civil violation for which the State had full authority to bring suit as the owner of the property covered in the Financing Statement. TEX. BUS. & COM. CODE §§ 9.5185(c-d).

G. The State's complaint is not moot.

Partain's claim that the case is moot is based in Partain's claim that "Partain has already collected the debt[.]" Appellant's Brief at 33. Partain does not point to where in the record he raised this claim in the lower court. *Id*. But the extent Partain raised it in the lower court, the district court properly denied it.

A case is moot when there is no controversy for the court to adjudicate. *Heckman*, 369 S.W.3d at 162. The case is not moot because the State continues to have an interest in the outcome—i.e. that Partain stop trying to enforce the fraudulent Financing Statement which falsely claims a security interest in all State property. C.R. 8-11. Therefore, the

30

issue is not moot. *Heckman*, 369 S.W.3d at 162. Partain again points to nothing in the record or in the case law that negates the conclusion that the case is not moot. *See* Appellant's Brief at 33. As such, this Court should hold the case is not moot and affirm the district court in full.

H. Several of Partain's points of error are raised for the first time on appeal and are therefore not properly before this court.

A prerequisite for presenting a complaint on appeal is that the complaint must have been made and preserved in the trial court. TEX. R. APP. P. 33.1.

In his appeal, Partain raises issues of compliance with § 65.001 of the Texas Civil Practice and Remedies Code (Appellant's Brief at 30), the defense of latches (Appellant's Brief at 24), claims of extrinsic fraud (Appellant's Brief at 37), and a supremacy clause defense (Appellant's Brief at 28). None of these claims were brought or preserved in the lower court. *See generally* C.R. Partain does not cite to any portions of the record where he presented or preserved these claims. *See generally* Appellant's Brief. Therefore, these claims are waived and not before this Court. TEX. R. APP. P. 33.1.

## III. Prayer

The district court properly granted the State's requests for relief. Partain has not presented persuasive evidence or arguments showing the district court's decisions were an abuse of discretion or unsupported by a scintilla of evidence. To the contrary, the record shows a plethora of evidence and legal support for the Court's decisions. As such, this Court should affirm the district court's ruling in its entirety.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4392
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov

Counsel for Appellee

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Appellee Brief complies with Texas Rule of Appellate Procedure 9.4(i). The text a conventional typeface and is set to 14-point font. The total number of words in the document, excluding the Appendix, as calculated by the word count feature of Microsoft Word is 6504.

*/s/ Ali Thorburn*
ALI THORBURN
Assistant Attorney General

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on this May 16, 2025, through the Court's electronic filing system, regular mail, and Certified Mail, Return Receipt Requested.

Johnny Partain          *Plaintiff –Appellant*
7020 N. 16th Street
McAllen, Texas 78504

CM/RRR#: 9589 0710 5270 0480 2516 92

*/s/ Ali Thorburn*
ALI THORBURN
Assistant Attorney General

_____

**In the
Fifteenth Court of Appeals**

_____

JOHNNY PARTAIN,
*Plaintiff –Appellant,*
v.

STATE OF TEXAS,
*Defendant –Appellee.*

_____

On Appeal from the
126th Judicial District Court, Travis County, Texas

_____


## DEFENDANT STATE OF TEXAS APPENDIX TO APPELLEE'S BRIEF

1. Order Granting Permanent Injunction and Other Relief................ 35

2. Texas Business and Commerce Code § 9.5185 .................................. 40

CAUSE NO. D-1-GN-24-002560

| | | |
|---|---|---|
| **State of Texas** | § | **In the District Court** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Travis County, Texas** |
| | § | |
| **Johnny Ray Partain** | § | |
| *Defendant.* | § | **126th Judicial District** |

## ORDER GRANTING PERMANENT INJUNCTION AND OTHER RELIEF

Before the Court was Plaintiff State of Texas's ("the State") Application for Permanent Injunction and Defendant Johnny Ray Partain's Plea to the Jurisdiction and Motion to Dismiss. Notice of a hearing in this case was provided to all parties and this case was heard on the 17th of December, 2024. The parties appeared and agreed to proceed with a permanent injunction trial on the merits. After considering the pleadings and attached evidence on file, the evidence admitted into the record and adduced at the hearing, the arguments of counsel and parties, and applicable authorities, the Court finds the State's Application for Permanent Injunction meritorious and hereby **GRANTS** the State's Application for Permanent Injunction against Johnny Ray Partain.

The Court finds the State is entitled to a permanent injunction against Johnny Ray Partain. Johnny Ray Partain violated Texas Business and Commerce Code section 9.5185 by knowingly filing a groundless financing statement, ("Financing Statement Filing No. 23-0043292984"), containing a material false statement with the Texas Secretary of State on October 6, 2023. Johnny Ray Partain's attempts to collect or otherwise transfer the property covered in Financing Statement Filing No. 23-0043292984 cause the State imminent, irreparable harm for which there is no other adequate remedy at law.

35

Financing Statement Filing No. 23-0043292984 is groundless and contains a material false statement because Financing Statement Filing No. 23-0043292984 is not predicated on a security agreement and Johnny Ray Partain has no security interest in the collateral listed in Financing Statement Filing No. 23-0043292984 which is identified as follows:

4. COLLATERAL: This financing statement covers the following collateral:
Collateral includes all assets, interests, and taxes, prospective and real, belonging to Texas, The Texas Treasury Safekeeping Trust Company, Hidalgo County, and City of McAllen, which may be comingled with Johnny Ray Partain's assets and interests, the sum certain total including $250,000,000, plus 10% compounded interest per year accruing on the $250,000,000 since January 4, 2021, plus all costs to collect the accruing total, payable to Johnny Ray Partain, upon debtor's failure to fulfill their obligations. Payment and record is authorized and required by the Debtor's herein pursuant to Tex. Const. Art. 1, Sec. 17, and protected without exception under Sec. 29.

The Court finds Johnny Ray Partain has attempted to enforce Financing Statement Filing No. 23-0043292984 and attempted to collect or otherwise transfer the property covered in Financing Statement Filing No. 23-0043292984. Such attempts have caused and will continue to cause the State irreparable harm for which there is no adequate remedy besides a writ of injunction.

Accordingly, it is **ORDERED** that the State's Application for Permanent Injunction is **GRANTED.**

The Court **DECLARES** Financing Statement Filing No. 23-0043292984 fraudulent, void, and unenforceable and that the State of Texas does not owe the debt alleged in Financing Statement Filing No. 23-0043292984.

The Court **ORDERS** the release of the fraudulent Financing Statement Filing No. 23-0043292984 as provided by Section 9.5185(d) of the Texas Business and Commercial Code. The Secretary of State of Texas shall file the attached UCC Financing Statement Amendment terminating Financing Statement Filing No. 23-0043292984.

The Court further **ORDERS** that:

36

- Johnny Ray Partain is hereby enjoined from enforcing or attempting to enforce his alleged security interest claimed in Financing Statement Filing No. 23-0043292984, and is enjoined from taking actions to interfere with property belonging to the State of Texas or the Texas Permanent School Fund, including but not limited to, mineral or property interests belonging to the State of Texas or the Texas Permanent School Fund in furtherance of enforcing said alleged security interest.

- Johnny Ray Partain is enjoined from filing additional fraudulent financing statements claiming a secured interest in the collateral covered in Financing Statement Filing No. 23-0043292984, or any property belonging to the State of Texas, absent a valid security agreement or judgment lien.

It is further **ORDERED** that Johnny Ray Partain's Plea to the Jurisdiction and Motion to Dismiss is **DENIED**.

This Order disposes of all issues in the case and is an appealable final order.

Signed this ___19th___ day of ___December___, 2024.

___F. Scott McCown___
PRESIDING JUDGE

37

# Exhibit A

# UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)
Ali Thorburn

B. E-MAIL CONTACT AT SUBMITTER (optional)
ali.thorburn@oag.texas.gov

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

State of Texas c/o General Litigation Division
P.O. Box 12548
Austin, TX 78711-2548

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**Filing No. 23-0043292984**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

2. ☑ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Part(y)(ies) authorizing this Termination Statement

3. ☐ ASSIGNMENT: Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9; check ASSIGN Collateral box in Item 8 and describe the affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. PARTY INFORMATION CHANGE:

Check one of these two boxes:
This Change affects ☐ Debtor or ☑ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☑ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Partain | Johnny | Ray | |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. COLLATERAL CHANGE: Check only one box:
☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN* collateral

Indicate collateral:

*Check ASSIGN COLLATERAL only if the assignee's power to amend the record is limited to certain collateral and describe the collateral in Section 8

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Partain | Johnny | Ray | |

10. OPTIONAL FILER REFERENCE DATA:
Pursuant to Court order in Travis County Case No. D-1-GN-24-002560

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 07/01/23)

39

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 1. Uniform Commercial Code (Refs & Annos)
      Chapter 9. Secured Transactions (Refs & Annos)
        Subchapter E. Filing

V.T.C.A., Bus. & C. § 9.5185

§ 9.5185. Fraudulent Filing

Currentness

(a) A person may not intentionally or knowingly present for filing or cause to be presented for filing a financing statement that the person knows:

(1) is forged;

(2) contains a material false statement; or

(3) is groundless.

(b) A person who violates Subsection (a) is liable to the owner of property covered by the financing statement for:

(1) the greater of $5,000 or the owner's actual damages;

(2) court costs; and

(3) reasonable attorney's fees.

(c) A person who violates Subsection (a) also may be prosecuted under Section 37.101, Penal Code.

(d) An owner of property covered by a fraudulent financing statement described in Subsection (a) also may file suit in a court of suitable jurisdiction requesting specific relief, including, but not limited to, release of the fraudulent financing statement. A successful plaintiff is entitled to reasonable attorney's fees and costs of court assessed against the person who filed the fraudulent financing statement. If the person who filed the fraudulent financing statement cannot be located or is a fictitious person, the owner of the property may serve the known or unknown defendant through publication in a newspaper of general circulation in the county in which the suit is brought.

**Credits**
Added by Acts 1999, 76th Leg., ch. 414, § 1.01, eff. July 1, 2001.

V. T. C. A., Bus. & C. § 9.5185, TX BUS & COM § 9.5185
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ariana Ines on behalf of Ali Thorburn
Bar No. 24125064
ariana.ines@oag.texas.gov
Envelope ID: 100934542
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellee Brief
Status as of 5/16/2025 1:49 PM CST

Associated Case Party: JOHNNYPARTAIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johnny Partain | | partain@atlastechnologies.biz | 5/16/2025 1:00:47 PM | SENT |

Associated Case Party: STATE OF TEXAS Ali Thorburn Assistant Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 5/16/2025 1:00:47 PM | SENT |
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 5/16/2025 1:00:47 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ariana Ines | | ariana.ines@oag.texas.gov | 5/16/2025 1:00:47 PM | SENT |